JEANIE DE F. K. BARBOUR, an Infant by Guardian, etc., Appellant, *v.* ROBERT W. DE FOREST et al., as Executors, etc., Respondents.

The will of W. gave a portion of his residuary estate to his executors, in trust, to receive and apply the income to the use of plaintiff during life. By a codicil the executors were directed, if in their judgment the whole of the income was not needed for plaintiff's support, to retain and invest the residue during her minority, the accumulations to be considered and treated as part of the principal. *Held*, that the direction for accumulation was void (1 R. S. 726, §§ 37, 38 ; id. 773, § 3); and that plaintiff was entitled to the whole income.

*Barbour* v. *DeForest* (20 Hun, 615), reversed.

(Argued January 18, 1884 ; decided February 8, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made March 28, 1883; which affirmed a judgment entered upon a decision of the court on trial at Special Term. (Reported below, 28 Hun, 615.)

This action was brought to obtain a judicial construction of certain provisions in the will of Burr Wakeman, deceased, and in a codicil thereto.

The provisions in question as well as the material facts are set forth in the opinion.

*Frederick H. Man* for appellant. The accumulations of income provided for are expressly prohibited by the statute. (*Manice* v. *Manice*, 43 N. Y. 303, 381; *Hawley* v. *James*, 5 Paige, 318, 481; 16 Wend. 61, 210; *Boynton* v. *Hoyt*, 1 Denio, 53, 58; *Lang* v. *Ropke*, 5 Sandf. 363, 371; *In re Davison*, 6 Paige, 139; *Harris* v. *Clark*, 3 Seld. 242, 258; *Pray*

v. *Hegeman*, 92 N. Y. 508.) It makes no difference that the direction for accumulation may be contingent merely. (*Kilpatrick* v. *Johnson*, 15 N. Y. 322.) The accumulation being directed for a prohibited purpose the direction to accumulate is, by force of statute, invalidated. ( *Williams* v. *Williams*, 8 N. Y. 538; *Bolton* v. *Jacks*, 6 Rob. 166; *Lang* v. *Ropke*, 5 Sandf. 363; *Pray* v. *Hegeman*, 92 N. Y. 508.)

*Henry W. De Forest* for respondents. The possibility of the appellant's death before majority does not render her interest such as to make the trust invalid. (*Manice* v. *Manice*, 43 N. Y. 380; *Bolton* v. *Jacks*, 6 Rob. 166, 229.) The appellant's interest was vested on the death of Mr. Wakeman. (2 Redf. on Wills [2d ed.], 249, 250, note 123.) The interest of the infant on arriving at majority is sufficient to sustain the trust. (*Meserole* v. *Meserole*, 3 T. & C. 192; 1 Hun, 66.) A single trust created for two purposes, one lawful and the other unlawful, is good for the lawful, though void for the unlawful one. (*Harrison* v. *Harrison*, 36 N. Y. 543; *Savage* v. *Burnham*, 17 id. 561; *Lang* v. *Ropke*, 5 Sandf. 371.)

Earl, J. Burr Wakeman died in July, 1879, leaving a last will and testament, in which he gave and devised a portion of his residuary estate, consisting of real and personal property, to his executors in trust, to receive and apply the income thereof to the use of his great granddaughter, the plaintiff, then an infant, during her life; and after her death to pay and transfer the principal to her children; and if she died without leaving any child, then to other persons as mentioned in the will. By a codicil subsequently executed he directed that so much of the income of the share thus put in trust for the benefit of his great granddaughter as should not be needed, in the judgment of his executors, for her support, should be retained and invested by them during her minority, and any accumulation of income should be treated and dealt with as part and parcel of the principal of such share. The will and codicil

were admitted to probate, and the executors qualified and took upon themselves the trust. It turned out that the income was more than in their judgment was needed for plaintiff's support, and the claim is made on her behalf, that the direction for the accumulation of such income is invalid, while the executors claim that it is valid. This action was commenced for the construction of the will and codicil, so far as they relate to the plaintiff. At the trial term it was held that the direction for the accumulation of the income was invalid, but that it was invalid only so far as it required the accumulated income to be added to the principal; and the court held that the surplus income could be accumulated for the benefit of the minor during her minority, the accumulation at all times to belong to her, and to be paid to her upon her reaching her majority. Upon appeal to the General Term, it was there held, reversing the judgment of the Special Term, that the direction for accumulation contained in the codicil was valid, and from the decision of the General Term the plaintiff appealed to this court.

The matter for our determination depends upon the construction of the provisions of the Revised Statutes in reference to the accumulation of the rents and profits of lands and the income of personal property. (1 R. S. 726, §§ 37, 38; id. 773, § 3.) By the thirty-seventh section cited an accumulation of the rents and profits of land for the benefit of one or more persons may be directed by will or deed for the benefit of minors in being when the accumulation commences, and to terminate with their minority, subject to the proviso in the second subdivision of the section, that when the accumulation is directed to commence at any time subsequent to the creation of the estate, it shall commence within the time permitted by the statute for the vesting of future estates. By the thirty-eighth section all directions for the accumulation of the rents and profits of real estate, except as allowed by the prior section, are declared to be void. The statute regulating the accumulation of the income of personal property is substantially the same as that relating to the accumulation of the rents and profits of land.

The question is whether the accumulation directed by the codicil of this will was for the benefit of the plaintiff, a minor, within the meaning of these provisions. If it was not, then it was invalid. The case of *Pray* v. *Hegeman* (92 N. Y. 508) is an authority controlling the decision of this case. There a certain specified portion of the income of property was required to be applied by executors to the support and education of a minor, and the balance of the income was to be added to the share producing the income and accumulated, as principal, until the minor arrived at the age of twenty-one years, after which period the whole of the income was to be applied to that child for life, and upon the death of the child was to go to other persons. In that case it was held that, under the provisions of law referred to, the accumulation was to be for the benefit of the minor solely and during his minority, and that a direction for accumulation during a minority, accompanied with a gift of the income of the accumulated fund after the expiration of the minority, to the minor for life, and of the principal, upon his death, to other persons, is void. That case is not distinguishable from this from the fact that only a specified portion of the income was to be paid to the minor during his minority, and that the undefined balance was to be accumulated. Here the direction to accumulate applies to so much of the income as in the judgment of the executors should not be needed for her support. The balance above that sum was to be accumulated and become a part of the principal, and when it thus became a part of the principal it could never again be taken therefrom and applied to her support as an infant. After it was once accumulated and added to the principal it was no longer solely for her benefit, but for the benefit as well of the persons who should succeed to the principal after her death. It was further decided in the case referred to, that in such a case the direction to accumulate must be stricken from the will so as to leave the income to go immediately to the party entitled to the life estate. The result by applying the principles of that case to this is that the plaintiff is entitled to a judgment declaring the direction to

accumulate, contained in the codicil of this will, to be void, and that she is entitled to the whole income of the share put in trust for her.

The judgment of the General Term should, therefore, be reversed, and that of the Special Term modified according to this decision, and costs of both parties should be paid out of the estate of the testator.

All concur.

Judgment accordingly.