## *In re* HOYT'S ESTATE.

### (*Surrogate's Court, Orange County.* May 8, 1890.)

1. WILLS—DESCRIPTION OF PROPERTY—INCOME AND PRINCIPAL.

   Testator directed his executors to lease his real estate, and to deposit the rents in a savings bank, in order to create a fund to pay off debts against the same. He also gave the executors power to sell the real estate, if they should deem it best for the estate, and directed them, in the event of a sale, to pay all debts out of the proceeds, the residue "to be deposited as aforesaid; * * * and, at the decease of my daughter H., to be equally divided between each of my grandchildren her surviving." The executors sold the land, and deposited the proceeds. *Held,* that testator intended that his grandchildren should take the principal of the fund, together with accumulated income thereof, at the death of H.

**2. SAME—PERPETUITIES—ACCUMULATION OF INCOME.**
    Such provision is void as to the income, under 3 Rev. St. N. Y. p. 2178, § 37, and page 2257, § 3, which provide that the income of land or personal property may be accumulated for the benefit of minors for a period not exceeding their minority, as H. may outlive the period of the grandchildren's minority.

**3. SAME—SEPARABLE LEGACY.**
    A legacy which is made up in part of principal, and in part of income, is separable, and may be maintained as to the principal, although void as to the income.

Proceedings for the judicial settlement of the estate of Isaac Hoyt, deceased. Testator had two children, Hattie L. Hoyt, who was unmarried, and Annie A. Conklin, who was married, and had children. Both of testator's daughters survived him. Testator's real estate consisted of a house and lot and a farm. He gave the rents and profits of the house and lot to his daughter Hattie for life. He directed his executors to lease all the residue of his estate, real and personal, "the rents and income arising therefrom, after deducting all taxes, insurance, interest on mortgages held against any such real estate, necessary repairs, and commissions, to be deposited in the Warwick Savings Bank, or any other solvent savings bank, to create a fund to liquidate or help pay off any indebtedness held against the same. I, however, leave it entirely discretionary, and empower my said executors, whenever they deem it for the best interest of my estate, to sell all or any of my real estate, and to give sufficient deed or deeds to the purchaser or purchasers thereof; and the moneys arising from such sale or sales, after deducting all expenses of such sale or sales, and the indebtedness held against such real estate, to be deposited as aforesaid, or upon good securities elsewhere; and, at the decease of my daughter Hattie L., to be equally divided between each of my grandchildren her surviving, share and share alike, her children and the children of my daughter Annie A. Conklin."

The statutory provisions referred to in the opinion are as follows: 3 Rev. St. N. Y. (7th Ed.) p. 2176, § 15: "The absolute power of alienation shall not be suspended by any limitation or condition whatever for a longer period than during the continuance of not more than two lives in being at the creation of the estate, except in the single case mentioned in the next section." Page 2178, § 37: "An accumulation of rents and profits of real estate for the benefit of one or more persons may be directed, by any will or deed sufficient to pass real estate, as follows: (1) If such accumulation be directed to commence on the creation of the estate out of which the rents and profits are to arise, it must be made for the benefit of one or more minors then in being, and terminate at the expiration of their minority. (2) If such accumulation be directed to commence at any time subsequent to the creation of the estate out of which the rents and profits are to arise, it shall commence within the time in this article permitted for the vesting of future estates, and during the minority of the persons for whose benefit it is directed, and shall terminate at the expiration of such minority." Page 2257, § 3: "An accumulation of the interest of money, the produce of stock, or other income or profits arising from personal property, may be directed, by any instrument sufficient in law to pass such personal property, as follows: (1) If the accumulation be directed to commence from the date of the instrument, or from the death of the person executing the same, such accumulation must be directed to be made for the benefit of one or more minors then in being, or in being at such death, and to terminate at the expiration of their minority. (2) If the accumulation be directed to commence at any period subsequent to the date of the instrument, or subsequent to the death of the person executing such instrument, it must be directed to commence within the time allowed in the first section of this title, for the suspension of the absolute ownership of personal property, and at some time during the minority of the persons for whose benefit it is intended, and must terminate at the expiration of their minority."

*John J. Beattie,* for executors.    *C. W. Coleman* and *W. D. Mills,* for legatees.    *Charles L. Mead,* special guardian.

COLEMAN, S.    The direction to lease and accumulate the net rents became inoperative by reason of the sale of the farm by the executors under the power of sale, and instead thereof the executors hold the balance of the proceeds of the sale, in relation to which the only provision of the will is that it "be deposited as aforesaid, or upon good securities elsewhere; and, at the decease of my daughter Hattie L., to be equally divided between each of my grandchildren her surviving."    The purpose of the direction "to be deposited as aforesaid" could not have been intended to be the same as that for which the rents were to be deposited, *i. e.,* to pay off the indebtedness against the farm, for the reason that in case of a sale the executors were to pay off this indebtedness from the proceeds of the sale, and this has been done.    No other disposition is made by the testator of the income which must accrue upon the fund "deposited" or "put into good securities" until the death of the testator's daughter Hattie, and only then by inference, for the direction is, "and, at the decease of my daughter Hattie L., to be equally divided," without saying what it is that is to be equally divided, whether the principal of the fund or the principal and the interest.    If the testator intended the interest to be accumulated and divided with the principal at the death of his daughter Hattie, then it is a direction to accumulate not permitted by the statute, since it might cover a period beyond the minority of some or all of his grandchildren, or to be for persons not in being at the creation of the estate, the time of the testator's death.    From a careful reading of the whole will, I am convinced that the testator never contemplated a separate gift of the income to be derived from the investment of the proceeds of the sale of this farm from the gift of the principal itself, and only had in view the making of a gift of a lump sum which should exist at the death of Hattie, made up of the principal and the accumulations of interest.    For reasons of his own, he evidently intended to give the net income derived from the house and lot to his daughter Hattie during her life, and to accumulate the income from the farm, or from the proceeds of the sale of it, during that period, and, at her death, to divide the proceeds of both places, with the accumulated income from the farm, between the children of both his daughters who should survive Hattie, intending that his daughter Annie herself should receive nothing from his estate.    Must the testator's purpose necessarily fail because he combined these two elements in one gift, or are they separable?    If so, then the gift of the income may be rejected, and it will then pass under the statute, as it accrues, to the grandchildren in existence, they being the persons presumptively entitled to the next eventual estate.    The limitation of the expectant estate in the principal, if uninvolved by the direction as to the income, would be valid.    And, if it can be sustained, then the disposition of the income made by the statute will so nearly accomplish the intention of the testator in regard to both principal and income that practically his will is sustained; otherwise, he died intestate as to the proceeds of the sale of the farm, and the same should now be paid over to his two daughters, which he did not at all intend.    The cases of *Kilpatrick* v. *Johnson,* 15 N. Y. 322, and *Barbour* v. *De Forest,* 95 N. Y. 13, are cases in which a void disposition of an income was rejected without disturbing the disposition made of the principal; and, although there are in each of these cases separate provisions in regard to the income, there is also a gift of a fund made up of principal and income to be accumulated.    In the first case, the fund the income of which was the subject of the controversy was given to the executors in trust, to be invested for the testator's daughter during the term of her natural life, and to pay out of interest or principal to the daughter, during her life, such sums as the executors might consider necessary for her support, in case of the death of her husband, or his inability to

support her, and, at her death, to divide all the principal and interest not received by the daughter among her children. The limitation of the principal after the death of the daughter to her children was held to be good, but that the direction to accumulate was bad. In the latter case, the fund was to be invested, and as much of the income as might be needed for the support of the testator's great-granddaughter during her minority was to be used for that purpose. The balance of the income was to be accumulated during that period, and added to the principal of the fund, the income from the aggregated fund applied to her support during her life, and at her death the fund was to be divided among her children. In this case, it was held that the direction to accumulate the surplus income was void, and that the whole income belonged to the great-granddaughter, but that the gift of the principal was valid. It may be that these cases do not squarely decide the question in this case, but I think they may be regarded as controlling authority for deciding that a legacy made up in part of principal and in part of income is separable, and may be maintained as to the principal, although void as to the income. The decree in this case will therefore provide that the executors retain the fund now held by them and invest the same during the life of the testator's daughter Hattie, and pay the income, as it shall accrue, to the testator's grandchildren then living, and, at her death, divide the principal among the grandchildren who shall survive her.