JOHN W. COCHRANE and Others, Executors and Trustees of ADAM W. SPIES, Deceased, Respondents, *v.* CORNELIA ELIZABETH SCHELL, Appellant, Impleaded with Others, Defendants.

*Will — trust — its surplus income — it passes to the persons entitled to the next eventual estate — the court will not pass upon the rights of persons not* in esse — *1 R. S., m. p.* 726, *sec.* 40; 728, *sec.* 55, *sub.* 3.

The ninth clause of a will devised the residue of a testator's estate to his executors and trustees, in trust, to collect and receive all rents and income, and after the payment of taxes and charges to pay certain amounts annually to his daughter and to certain grandchildren. The tenth clause gave a power of sale over the property, both real and personal. The twelfth clause, as modified, provided that upon the death of his daughter Sarah Ann his executors and trustees should transfer all his estate, both real and personal, " then remaining in their hands," to his eight grandchildren, share and share alike, and their issue.

The income of the residuary estate very largely exceeded the sum ordered paid to the annuitants, and the will contained no direction as to the disposition to be made of this surplus income.

The Revised Statutes provide that when, in consequence of a valid limitation of an expectant estate, there shall be a suspension of the power of alienation or of the ownership, during the continuance of which the rents and profits shall be undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate.

*Held*, that the trust created by the ninth clause of the will was valid, being within the statute authorizing the creation of a trust " to receive the rents and profits of lands and apply them to the use of any person during the life of such person," and vested the whole residuary estate in the trustees during the life of the daughter, and that there was no unlawful suspension of the power of alienation or of ownership.

That the validity of the trust was not affected by the failure to specify what disposition should be made of the entire income.

That to hold otherwise would nullify the provision of the Revised Statutes above quoted relative to income undisposed of.

That the surplus income, both real and personal, passed to the persons who were, at the time of the application to the court, entitled to the next eventual estate, *i. e.,* the eight grandchildren.

That the court, upon an application by executors and trustees for instructions, should confine them to the facts as they stand at the time, and should not by its judgment declare rights which may be subject to change from the coming into being of persons not at the time *in esse.*

APPEAL by the defendant Cornelia Elizabeth Schell from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 19th day of February, 1892, and from said judgment, as subsequently amended, by an order dated March 7, 1892.

The judgment construed the will of Adam W. Spies, deceased, and was entered after a trial at the New York Special Term before the court. The defendant Schell also appealed from the order amending the judgment.

Also an appeal by the defendants, Sarah Ann French, Adam W. Spies Cochrane and Arthur De Witt Cochrane, from certain portions of said judgment.

The will contained, among others, the following clauses:

*Ninth.* All the rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath to my executors and trustees hereinafter named, and to the survivor and survivors of them, and their successors, in trust nevertheless, to collect and receive all rents of my real estate, and all interest, dividends and income from my personal estate; and after paying all taxes, insurance and other legal and necessary expenses thereon, to pay thereout to my daughter Sarah Ann, the widow of William B. Kip, during her natural life, the sum of ten thousand dollars per annum. I further direct my said executors and trustees to pay to Adam W. Spies Cochrane, a child of my deceased daughter Hilah, the sum of three thousand dollars annually until the death of my daughter Sarah Ann; and that they further pay therefrom to my granddaughter, Cornelia Elizabeth Schell, the sum of three thousand dollars annually until the death of my said daughter Sarah Ann;

and that they further pay thereout to Arthur De Witt Cochrane, a child of my deceased daughter Hilah, the sum of one thousand dollars annually until he shall arrive at the age of twenty-five years, or until the death of my said daughter Sarah Ann, whichever event shall first happen; but in case the said Arthur De Witt Cochrane shall arrive at the age of twenty-five years before the decease of my said daughter Sarah Ann, then I direct my said executors and trustees to pay over to him, from and after said age of twenty-five years, the sum of three thousand dollars annually until the death of my said daughter Sarah Ann; said payments to my three grandchildren to be made in quarter yearly payments, and to be free from the control of any husband of my said grand-daughter.

*Tenth.* I hereby authorize and empower my said executors and trustees, and the survivors and survivor of them, during the continuance of the above trust and for the purposes above mentioned, to sell and dispose of any and all of my real estate at public or private sale, to let or lease the same, and to sell, assign and transfer any or all of my personal property for the purposes of carrying out said trust, they to reinvest the proceeds thereof in their names as such executors and trustees; but I hereby direct that they shall not invest in any stocks or bonds of any manufacturing or metal mining company, but shall invest in good bonds and mortgages on productive real estate, Northern State bonds, United States securities and the bonds of trunk lines of railroads earning and paying dividends on their stocks, I hereby giving and granting to my said executors and trustees full power and authority to change from time to time said bonds and securities into non-taxable securities, when in their judgment such change will enure to the benefit of my estate.

*Twelfth.* At the death of my said daughter Sarah Ann, to close this trust, I direct that my executors and trustees convey and transfer all of my estate, both real and personal, then remaining in their hands, to such of my grandchildren as shall then be living (excepting my said grand-daughter, Sarah Ann French), viz.: Arthur De Witt Cochrane, Adam W. Spies Cochrane, Cornelia Elizabeth Schell, Henry Spies Kip, Garret Berg Kip, William Ruloff Kip and Florence Adele Kip, equally, share and share alike; and I hereby give, devise and bequeath the same to such seven grand-

children, but if any of said seven grandchildren shall die previous to the decease of my daughter Sarah Ann, leaving issue, him, her or them surviving, then I direct that such issue shall take the share to which their parent would have been entitled hereunder (if living) under this clause of my will; said shares to be received by said grandchildren or their descendants free from any control or claim of any husband that she or they may have at any time.

The second codicil contained, among others, the following clauses:

*Third.* I hereby direct my executors and trustees, out of the rents of my real estate, interest, dividends and income from my personal property mentioned in the ninth clause of my said last will and testament, to pay to said Sarah Ann French the sum of three thousand dollars annually until the death of my daughter Sarah Ann; said payments to said Sarah Ann French to be made in quarter yearly payments and to be free from the control of her husband.

*Fourth.* I hereby direct that my said grand-daughter, Sarah Ann French, shall be included in the division of my estate as mentioned in the twelfth clause of my said last will and testament, and shall share therein equally with my other seven grandchildren, I hereby directing that said twelfth clause of said will shall apply to her and her heirs as though she had been originally named therein.

The defendant Sarah Ann French served an answer in the action admitting the facts stated in the complaint and submitting her rights to the judgment of the court.

*James Otis Hoyt,* for the proponent, appellant.

*Frank L. Hall,* for the plaintiffs, respondents.

*Charles Steele* and *Walter C. Gilson,* for the defendants, respondents.

O'Brien, J.:

The object of this action was to obtain a judicial construction of the last will and testament of Adam W. Spies, deceased, and particularly of the ninth and twelfth paragraphs of said will as the same are modified by the third and fourth paragraphs of the second codicil thereto, with a view to having a determination of the persons to whom surplus of income in the hands of the executors and trustees should be given.

As most of the questions arising upon this appeal are dependent for their solution upon the view to be taken as to the scope of this action, a preliminary statement of what is sought by the complaint is rendered necessary.

The complaint alleges that Adam W. Spies died in May, 1891, leaving a last will and testament, by which the plaintiffs were appointed executors and trustees; that all the above-named defendants are the only heirs-at-law and next of kin, and the only persons entitled to share in the income or distribution of the estate under the terms of the will; that the principal of the estate largely exceeds the amount of the specific bequests made by the said will, together with any probable claims against it; that the amount of income largely exceeds the payments directed to be made; and that the plaintiffs are in doubt as to the rights of the several defendants under the provisions of the will, and especially as to the proper and legal disposition of any surplus of income from the said estate remaining after the payments therefrom directed by the said will to be made, and as to their duties as executors and trustees in respect thereto.

While, therefore, the object sought by the action might, at first blush, be regarded as an attempt to obtain a construction of the entire will, it is evident that the primary and essential purpose was to have a determination in respect to the proper and legal disposition of the surplus of income. The facts showing an existing doubt in regard to a present question, we do not think that the court would have any right to extend the scope of the action beyond a determination of such present existing question. In other words, the executors have only a right to ask the opinion of the court as to their present existing duties — what they shall now do, not what they may or shall hereafter do upon any future facts. The plaintiffs were, therefore, entitled only to instructions and an opinion from the court as to their duties to-day. That such must be the rule is evident when we consider the character and nature of the action, and remember, as is well exemplified in this case, that a broader rule would result in passing upon the rights of parties not before the court, and, perhaps, still unborn.

For the purpose of guiding these executors and trustees in the discharge of their duties, and of disposing of the question presented, it was undoubtedly necessary for the learned judge below to so far

construe the will as to reach a determination as to the persons who would be entitled to the next eventual estate, it being conceded that the persons so entitled should receive the surplus income. While, therefore, a number of questions were presented to the trial judge, just as they are presented upon this appeal, for discussion, the real ones involved relate solely to the validity of the trust to plaintiffs and a proper judicial determination of the persons to whom they may properly pay over the surplus of rents and income which may remain after the payment of the annuities provided in the will. That this view of the limited scope of this action is correct is enforced by the pleadings, and particularly by the failure of any of the defendants, as against each other, to ask for any affirmative relief, or, with that object in view, to serve, as required by the Code, their answer upon their co-defendants. We are of opinion, therefore, that, whatever may be the determination as to these questions, the judgment as amended, adjudging that the testator's residuary estate was vested absolutely in remainder in the eight grandchildren, and that the surplus income of the estate, in case of the death of any grandchild during the continuance of the trust created by the will, is payable to the heirs and next of kin of such grandchild, should be so amended as to exclude any such determination thus made, and should be confined solely to a determination whether the trust under the will was valid, coupled with the direction to the trustees to distribute the surplus income among those entitled thereto.

To determine these questions resort must be had to the will and codicils. By the ninth paragraph, all the residue of the testator's estate, both real and personal, is given to his executors and trustees thereinafter named, and to the survivor and survivors of them and their successors, in trust, to collect and receive all rents of the estate and all interest, dividends and income from the personal estate, and after paying taxes, insurance and other legal and necessary expenses thereon, to pay thereout to the daughter and to the grandchildren named certain amounts annually. By the tenth paragraph, power of sale is given to the executors covering all the property granted to them by the ninth. The twelfth paragraph, as to which the principal question arises, is as follows:

*Twelfth.* At the death of my said daughter Sarah Ann, to close this trust, I direct that my executors and trustees convey and transfer

all my estate, both real and personal, then remaining in their hands, to such of my grandchildren as shall then be living (except my said grand-daughter Sarah Ann French), viz. : Arthur De Witt Cochrane, Adam W. Spies Cochrane, Cornelia Elizabeth Schell, Henry Spies Kip, Garrett Berg Kip, William Rudolph Kip, and Florence Adele Kip, equally, share and share alike, and I hereby give, devise and bequeath the same to such seven grandchildren; but if any of said seven grandchildren shall die previous to the decease of my daughter Sarah Ann, leaving issue him, her or them surviving, then I direct that such issue shall take the share to which their parent would have been entitled thereunder (if living), under this clause of my will said shares to be received by said grandchildren or their descendants, free from any control or claim of any husband that she or they may have at any time.

By the fourth paragraph of the second codicil he directs that his grand-daughter Sarah Ann French shall be included in the division of his estate as mentioned in the twelfth clause, and share therein equally with his other seven grandchildren.

It, therefore, appears that, until the death of the defendant Sarah Ann Kip, the testator has provided for the distribution of but $20,000 of the annual income, which, in the event of the arrival at the age of twenty-five years by the defendant Arthur De Witt Cochrane, would be increased to the amount of $22,000. The court below found that the testator's residuary estate consisted of real estate of the value of $1,000,000, yielding an income of about $30,000 and personalty amounting to $2,000,000, yielding an income of about $60,000, making the annual net income of the residuary estate about the sum of $90,000, thus leaving, after the payment of annuities, a surplus of about $60,000 every year undisposed of.

Whatever doubt may have existed as to what rule prevailed at common law, the statutes of this State make provision for the disposition of surplus income in certain cases as follows: "When, in consequence of a valid limitation of an expectant estate, there shall be a suspense of the power of alienation, or of the ownership, during the continuance of which the rents and profits shall be undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate." (1 R. S., 726, § 40.)

With respect to the excess here, neither the will nor the codicils contain any provision for its disposition; and the question whether the statute applies is to be determined by the conclusion to be reached as to whether, in consequence of a valid limitation of an expectant estate, there is a suspense of the power of alienation or of the ownership.

On the one side the position is taken that, as to his residuary estate, the testator died wholly or partially intestate; while, on the other, it is as strenuously insisted, as found by the learned judge below, that the grandchildren took a vested estate in remainder in such residuary estate. This latter view assumes that the trust created by the ninth and tenth paragraphs of the will is valid and vests the whole residuary estate in the trustees during the life of Mrs. Kip, just as the contention of the appellant is predicated upon the theory that no valid trust was created, and no estate was vested in the executors and trustees. Among the four express trusts provided by statute is one "to receive the rents and profits of lands and apply them to the use of any person during the life of such person, or for any shorter time." It would seem, therefore, that the testator did what the statute permitted him to do; and the only argument urged against the validity of the trust results from a failure to direct the disposition of all the income. It is evident, however, that the testator deemed it requisite that all his residuary estate should be devoted to the execution of the trusts, and there is no right or power in the court to assume the responsibility of deciding otherwise. If the argument thus urged against the validity of this trust is to prevail, it would follow that, unless a fund can be set apart which shall produce exactly the amount of the annuities, and no more, the trust would be invalid. That such is not the law has been determined by the cases of *Hawley* v. *James* (16 Wend., 61); *Leggett* v. *Perkins* (2 N. Y., 297); *Haxtun* v. *Corse* (2 Barb. Ch., 506).

In the first case (p. 159) it was said: "It can make no difference whether the trust extends to all the rents and profits of an estate, or is confined to some specified sum of money. It is not necessary that the trustees should have a discretion as to the amount to be applied * * * the donor may settle that for himself."

Besides these cases, however, a consideration of the purpose sought to be effected by the statute relating to the disposition of surplus income shows that cases may arise where all the income is not dis-

posed of during the continuance of the trust.   If, therefore, a failure to dispose of the entire income would render a trust *pro tanto* invalid, there would be no income to dispose of, and a case could not arise to which the statute would be applicable.   This would be, in effect, to hold that the statute regulating the disposition of surplus income was nugatory and useless, because applying to a contingency that could never happen.   It is plain, therefore, that the trust is not invalid, merely because there may be income from the trust estate beyond the amount required to pay the annuities provided by the will.   Besides those already referred to, the statute has been applied in the following cases where questions in respect to undisposed income under a trust have been presented.   (*Cook* v. *Lowry*, 95 N. Y., 103; *Pray* v. *Hegeman*, 92 id., 508; *Barbour* v. *De Forest*, 95 id., 13; *Horton* v. *Cantwell*, 108 id., 255.)

This being a case, therefore, where the statute will apply, it remains to determine who are the persons presumptively entitled to the next eventual estate, because to such must be paid over the surplus income. We think, upon a reading of the will and codicils, that these persons, at the present time, are the eight grandchildren to whom the expectant estates are given; this conclusion applying to the income from personalty as well as to the rents and profits from the realty.

It will thus be seen that we agree with the conclusion reached by the learned trial judge as to the disposition to be made of the surplus income, the only criticism to be made relating to the determination of questions not properly within the scope of the action; our conclusion being that the decree should be limited to declaring that the trust under the will was valid, and directing that the trustee should distribute the present surplus income equally among the eight named grandchildren.   We think that to this extent the judgment should be affirmed, and in other respects should be modified, thus leaving the other questions as to the interests of the parties to be determined when they arise, the costs of the appeal to all parties to be paid out of the fund.

VAN BRUNT, P. J., and BARRETT, J., concurred.

Judgment modified as directed in opinion, and as modified affirmed, the costs of the appeal to all parties to be paid out of the fund.