EMMA C. TWEDDELL, Plaintiff, *v.* THE NEW YORK LIFE INSURANCE AND TRUST COMPANY and Another, Defendants.

*Trust — income accumulated during a minority cannot, at majority, be added to the principal of a trust fund.*

The last will and testament of a testatrix contained two clauses in the following words :

" *Third.* I give and bequeath to my niece, Emma C. Bills, all my jewelry not above bequeathed, and all the rest of my personal property not above bequeathed, the money, however, and the securities as evidence thereof, are given with the following restrictions, namely: Such moneys and securities all to be placed by my executor in the keeping and control of the New York Life Insurance and Trust Company, and to be held by them during the term of her natural life, said company to pay over quarterly or semi-annually to my executor the interest accruing upon said securities until said Emma C. Bills shall arrive at the age of twenty-five years, should she live to that age, and after she shall become twenty-five years old to pay such interest to her directly during the period of her natural life.

" *Fourth.* I direct my executor to receive from said company the interest accruing upon said securities until my said niece shall become twenty-five years of age, should she live so long, and to dispose of the same as follows, namely : During the time from my decease till said Emma shall be nineteen years of age, to pay to her from said interest thus received by him a sum not to exceed one thousand dollars per year ; from then till she shall be twenty-one years of age, to pay her from said interest a sum not to exceed twelve hundred dollars a year; from then till she shall become twenty-five years of age, he shall pay to

her the whole of said yearly interest. And I hereby direct the said New York Life Insurance and Trust Company to reinvest such securities hereby intrusted to them as shall run out, and I hereby direct my executor to reinvest the surplus interest accumulating over the yearly allowance above stated, in the said New York Life Insurance and Trust Company, to the end that the same may be added to the trust fund, subject to the same regulations as the principal above named, and become a part thereof. And I hereby further will and direct that the said Emma C. Bills may at any time bequeath by will all or any part of the funds thus intrusted to said company, and if she should not dispose of the same by will, it shall, upon her decease, be paid to her children or child, should she have any, equally."

*Held,* that a trust was created thereby in favor of Emma C. Bills, with remainder over to her child or children, which remainder was subject to her right to dispose of the same by will;

That such disposition was clear and definite, in no wise against any statute, and would be upheld;

That the surplus income accumulated during the minority of Emma C. Bills should be paid to her upon her reaching the age of twenty-one years.

The statutes of the State of New York do not permit the income upon a trust estate, accumulated during the minority of the life beneficiary, to be added to the capital when such beneficiary reaches her majority, and thereafter to be held in trust with the principal of the trust estate.

Submission of a controversy upon an agreed statement of facts under section 1279 of the Code of Civil Procedure.

The following facts are submitted by both parties:

Emma S. Clark, the aunt of the plaintiff, departed this life, being a resident of Suffolk county, New York, in the year 1889, leaving a last will and testament which was thereafter duly admitted to probate by the surrogate of said county.

Said will was in the words following, viz.:

"I, Emma Sarah Clark, of Setauket, Suffolk county, New York, do make, publish and declare this my last will and testament in manner following, to wit:

"*First.* I give and bequeath to my sister, Mrs. Annie J. Bills, all my wearing apparel and books and sapphire and diamond ring and gold butterfly.

"*Second.* I give and bequeath to my friend, Mrs. Eveleen T. Coffin, twenty thousand dollars.

"*Third.* I give and bequeath to my niece, Emma C. Bills, all my jewelry not above bequeathed, and all the rest of my personal property not above bequeathed, the money, however, and the

securities as evidence thereof, are given with the following restrictions, namely : Such moneys and securities all to be placed by my executor in the keeping and control of the New York Life Insurance and Trust Company, and to be held by them during the term of her natural life, said company to pay over quarterly or semi-annually to my executor the interest accruing upon said securities until said Emma C. Bills shall arrive at the age of twenty-five years, should she live to that age, and after she shall become twenty-five years old to pay such interest to her directly during the period of her natural life.

" *Fourth.* I direct my executor to receive from said company the interest accruing upon said securities until my said niece shall become twenty-five years of age, should she live so long, and to dispose of the same as follows, namely : During the time from my decease till said Emma shall be nineteen years of age, to pay to her from said interest thus received by him a sum not to exceed one thousand dollars per year ; from then till she shall be twenty-one years of age, to pay her from said interest a sum not to exceed twelve hundred dollars a year ; from then till she shall become twenty-five years of age, he shall pay to her the whole of said yearly interest. And I hereby direct the said New York Life Insurance and Trust Company to reinvest such securities hereby intrusted to them as shall run out, and I hereby direct my executor to reinvest the surplus interest accumulating over the yearly allowance above stated in the said New York Life Insurance and Trust Company, to the end that the same may be added to the trust fund, subject to the same regulations as the principal above named, and become a part thereof. And I hereby further will and direct that the said Emma C. Bills may at any time bequeath by will all or any part of the funds thus intrusted to said company, and if she should not dispose of the same by will, it shall, upon her decease, be paid to her children or child, should she have any, equally.

" And I hereby appoint my friend, Charles H. Coffin, the sole executor of this my last will and testament, hereby revoking all former wills by me made."

The defendant Charles H. Coffin is the executor named in said will, and duly qualified, and still acts, as such executor.

The plaintiff is the Emma C. Bills referred to in said will. Sub-

sequent to the death of said Emma S. Clark the plaintiff married Francis Tweddell. The plaintiff has no children. She attained the age of twenty-one years on the 6th day of July, 1894.

The defendants have received the income upon the estate left in trust by said will, and from said income have paid to the plaintiff the annual sums directed to be paid to her by said will, but there still remains in their hands an accumulation of such income received prior to July 6, 1894, amounting to $7,500.

The questions submitted to the court are :

*First.* Do the statutes of this State permit the provisions of said will directing the accumulated income to be added to the capital of the trust estate when plaintiff attained majority, and thereafter to be held in trust ?

*Second.* If such provision is invalid, should the sum of $7,500 (being such accumulated income) be paid to the plaintiff ?

*Lucius H. Beers,* for the plaintiff.

*R. E. Robinson,* for the defendant The New York Life Insurance and Trust Company.

*Wilson & Wallis,* for the defendant Coffin.

O'BRIEN, J. :

The validity of the trust, as shown by the questions submitted, is not presented, except as to the accumulated income. But it is argued that, inasmuch as the remainder over to the plaintiff's children, provided by the fourth clause of the will, is repugnant to the absolute bequest in the third, the former is wholly void and there is no valid remainder bequeathed, and from this the conclusion is sought to be derived that, as there is no remainder, the accumulation is wholly for the benefit of the plaintiff, who was an infant at the death of the testator, that she is to receive the income of the accumulation, and that the accumulated principal belongs to her absolutely, subject to the trust, and is disposable of by her by will or will pass to her legal representatives.

If the construction to be given to the will requires a holding that the remainder over to the children is void, then it would seem to follow that not only the accumulation of income but the principal as well would belong to the plaintiff freed from the trust. We think, however, that the intention of the testatrix, so far as it relates to the

creation of the trust, is clear and valid. By the third clause the residue of the testatrix's property is bequeathed to the plaintiff, subject to the restrictions that the same is to be placed in the keeping and control of the trust company, to be held by it during the term of her natural life, with a provision that the interest accumulating thereon should be paid over quarterly or semi-annually to the executor until the plaintiff's arrival at the age of twenty-five, after which time the interest or income was to be paid to her directly during the period of her natural life. By the fourth clause what the executor was to do with the interest or income is shown, it being therein provided that certain sums should be paid to plaintiff during certain periods of her life until she arrived at the age of twenty-five years, and that any excess over such payments should be added to the principal, and upon her arrival at the age of twenty-five that the interest upon the entire fund thus made up of capital and income should be paid to her during her life, with power to plaintiff to bequeath by will· any part of the funds thus placed in trust, and upon failure to dispose of the same by will, upon her decease the same to go to her child or children equally.

It will thus be seen that a trust is created in the fund, with remainder over to her child or children, which remainder is subject to her right to dispose of the same by will. Such a disposition being clear and definite and in no wise against any statute, should be upheld.

In regard to the income accumulated during the infancy of the plaintiff, we think that under the statute and decisions it should be paid to her. The will provides that the accumulation saved out of the income shall not be paid over to the minor upon her attaining her majority, but when she reaches the age of twenty-five years shall be added to the principal of the trust fund, of which the principal is to be payable at her death to her appointees, or, failing appointment, to her children. This presents the precise question which was fully discussed and decided by the Court of Appeals in *Pray* v. *Hegeman* (92 N. Y. 508), and *Barbour* v. *De Forest* (95 id. 13). As said in the former case (head note): " The provisions of the Revised Statutes (1 R. S. 726, § 37; Id. 773, § 3), authorizing an accumulation of the income of real and personal property for the benefit of minors, require that the accumulation shall be for the benefit of a minor

solely and during his minority, and that when the period of accumulation ceases the accumulated funds shall be released from further restraint and paid over to the person for whose benefit the accumulation is directed. A direction for accumulation during a minority, accompanied with a gift of the income of the accumulated fund, after the expiration of the minority, to the minor for life, and of the principal upon his death to other persons, is void."

These cases are controlling, and the distinction sought to be made between them and the one at bar we regard as untenable. If we are right in our view, that the plaintiff has but a life interest in the fund, whether we regard such fund as the result of the original capital, or of such capital as increased by the accumulated income, then it is evident that the accumulation resulting during minority, although the plaintiff would receive the interest arising therefrom, when added to the capital, is not solely for the benefit of such minor, but will go upon her death to her appointees or her children.

We think, therefore, that with regard to the first question, the statutes of this State do not permit the accumulated income to be added to the capital when plaintiff attained majority, and thereafter to be held in trust; and, secondly, that the sum of $7,500 (being such accumulated income) should be paid to the plaintiff.

Judgment accordingly, with costs.

Van Brunt, P. J., and Parker, J., concurred.

Judgment ordered for plaintiff, with costs.