1. WILLS (§ 684*)—CONSTRUCTION. ·
   Under a will providing that the accumulated income of testator's estate should be kept "with" the corpus of the estate until his son attained his majority, such income did not become part of the corpus of the estate, but was payable to the son upon attaining his majority; the income of a trust estate which is accumulated during the minority of the life beneficiary not being susceptible of being added to the corpus when such beneficiary reaches his majority, and of being thereafter held with the principal of the trust fund, but it being essential that such accumulation be paid to the beneficiary upon attaining his majority.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1614–1628; Dec. Dig. § 684.*]

2. PERPETUITIES (§ 9*)—VALIDITY—INCOME.
   While under Real Property Law (Consol. Laws 1909, c. 50) § 61, and Personal Property Law (Consol. Laws 1909, c. 41) § 16, a trust for the accumulation of income during the minority of a testator's son and for his benefit is valid, yet under Personal Property Law, § 16, subd. 3, a trust for accumulation for testator's son, not payable to the testator's son immediately upon attaining his majority, but to be held thereafter payable to adults in the event of the death of the cestui que trust before reaching the age of 25, will be void as to that portion directing retention after minority and payment to adults.
   [Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 67–73; Dec. Dig. § 9.*]

3. WILLS (§ 684*)—CONSTRUCTION—PRINCIPAL AND INCOME.
   Expenses incurred by the executors in making permanent improvements, which increased the value of the land and caused it to sell at a higher price, and thus added to the value of the corpus of the estate and the interests of the remaindermen, were chargeable to principal and not to income.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1614–1628; Dec. Dig. § 684.*]

4. EXECUTORS AND ADMINISTRATORS (§ 513*)—BINDING EFFECT—ACCOUNTING.
   Where upon an annual accounting made by executors and trustees of an estate, expenditures for improving real estate belonging thereto were

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

charged to income, and all interested persons appeared but made no objection to the decree entered, such decree was binding on them until reversed, and could not be attacked in a collateral proceeding, such as a subsequent accounting.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2267–2291; Dec. Dig. § 513;* Judgment, Cent. Dig. § 1070.]

Proceedings on the Judicial Settlement of the Account of E. Matilda Ziegler and others, as executors and trustees under the will of William Ziegler, deceased. Decreed according to opinion.

William J. Underwood, of New York City, for executors and trustees.

Swan & Moore, of New York City (John M. Bowers, of New York City, of counsel), for William Ziegler, Jr.

Patton & Patton, of New York City, for George W. Brandt.

COHALAN, S. The executors and trustees under the last will of the decedent having filed in this court an account of their proceedings, objections thereto were filed by George W. Brandt, a contingent remainderman, upon the following grounds: First, that the income from the estate should not be kept separate, but should be added to the corpus; second, that the unexpended balance of income was not payable to William Ziegler when he arrived at the age of 21, but that it became a part of the corpus of the estate and is to be disposed of in the manner provided for the payment and distribution of the corpus.

William Ziegler, the cestui que trust and residuary legatee under the will of the decedent, objects to the account upon the ground that the sum of $332,384.31 has been charged by the trustees against income instead of against capital.

A proper disposition of the objections raised by Brandt requires a construction of the following provisions of decedent's will:

"5. All the rest and residue of my estate I give, devise and bequeath to my son William, after and subject to the following provisions: 6. I appoint my said wife, William S. Champ, William J. Gaynor and also my said son, at the age of twenty-one years, my executors under this will. They shall take, care for and invest my estate in safe securities, collect all the rents and incomes, pay out of the same all necessary charges and expenses and all annuities or sums given by this will, and also for the support and education of my son William what may be necessary. The balance of income they shall invest in safe securities and keep with the corpus of my estate until my said son comes twenty-one years of age. After he comes of age he shall receive the entire net income. When he comes twenty-five years of age they shall turn over to him another one-quarter of the said corpus. They shall turn over to him another quarter thereof at the age of thirty, another at the age of thirty-five and the last quarter at the age of forty. If he should die before me without lawful issue or before he gets the said corpus, then the corpus, or the part of it he has not received, to go to my brothers and sisters and their heirs."

[1] While there is no direction in paragraph 6 to pay the entire balance of accumulated income to his son, William, when he arrives at the age of 21, the gift of the rest and residue of the estate contained in paragraph 5 necessarily includes the income produced by such

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

residue, except as limited by the provisions of the succeeding paragraph. That paragraph provides that only so much of the income as may be necessary for his support and education shall be paid to him until he arrives at the age of 21, but that the balance shall be accumulated and invested until that time. When that time arrives there is no further restriction placed upon his right to the possession of the accumulated income, and he immediately becomes entitled to it. If the testator did not intend to give the accumulated income to his son when he arrived at the age of 21 it would be unnecessary for him to add to the words "the balance of income they shall invest in safe securities and keep with the corpus of my estate" the qualifying clause "until my said son comes twenty-one years of age." Without the latter clause it would be clear that the testator intended that the accumulated income should become part of the corpus of the estate, to be paid in the manner provided for the disposition of the corpus; but by adding "until my said son comes twenty-one years of age" the testator clearly indicated that the accumulated income was not to become a part of the corpus and paid to his son at the times and in the proportion prescribed by that part of the will disposing of the corpus. Besides, the testator does not say that the accumulated income shall form a part of the corpus of the estate or that it shall be intermingled with the trust funds, but that it shall be kept with the corpus of the estate; that is, retained by the trustees with the corpus of the estate until the time for payment arrives. But the income of a trust estate which has been accumulated during the minority of a life beneficiary cannot be added to the corpus when such beneficiary reaches his majority and thereafter held in trust with the principal of the trust fund, but such accumulation must be paid to the beneficiary upon his attaining his majority. Tweddell v. New York Life Ins. & Trust Co., 82 Hun, 602, 31 N. Y. Supp. 764. As the testator did not intend that the accumulated income should become part of the corpus, he must have intended that it should be paid to his son when he attained his majority.

[2] While a trust for the accumulation of income during the minority of testator's son and for his benefit would be valid (Real Prop. Law [Consol. Laws 1909, c. 50] § 61; Per. Prop. Law [Consol. Laws 1909, c. 41] § 16), a trust for accumulation, which would not be payable to the testator's son immediately upon his attaining his majority, but which would be held by the trustees after the termination of such minority and payable to adults in the event of the cestui que trust dying before reaching the age of 25, would be void as to that portion which directed the retention of the accumulations in the hands of the trustees after the minority of the beneficiary and their payment to adults. Per. Prop. Law, § 16, subd. 3; Barbour v. De Forest, 95 N. Y. 13; Pray v. Hegeman, 92 N. Y. 508. Even if the will were construed so as to hold that there is no provision made for the payment of the accumulated income, it would nevertheless go to the person entitled to the next eventual estate, namely, the testator's son. Duncklee v. Butler, 38 App. Div. 99, 56 N. Y. Supp. 491. Accumulations vest in a minor immediately, and if he die during his minority, the accumulations become a part of his estate. Smith v. Campbell, 75 Hun, 155,

26 N. Y. Supp. 1087; Smith v. Parsons, 146 N. Y. 116, 40 N. E. 736. It is therefore evident that the income accumulated by the trustees during the minority of testator's son, William Ziegler, should be paid to him when he arrived at the age of twenty-one.

[3] At the time of decedent's death he owned considerable unimproved and unproductive real estate, and the executors, who, under the will of the decedent, were given a power in trust to sell the real estate, expended large sums of money in improving it. They thus materially increased the value of the real estate, and sold it for a much higher price than they could have obtained for it without the improvements effected by them. The proceeds of the sale of this real estate were turned over by the executors to themselves as trustees, and the trustees thereupon charged to income account the expenditures made in the improvement and sale of the real estate. The cestui que trust contends that the expenses incurred in improving the real estate and effecting its sale should be charged to the corpus. The improvements made by the executors to the realty were permanent improvements. They increased the value of the land, caused it to sell at a higher price and thus added to the value of the corpus and the interests of the remaindermen. The amount expended in such improvements and in effecting advantageous sales of the property should therefore be deducted from the corpus of the estate. The cost of permanent repairs to realty should be charged against the capital of the estate. Stevens v. Melcher, 152 N. Y. 552, 46 N. E. 965; Chamberlin v. Gleason, 163 N. Y. 214, 57 N. E. 487. It would therefore appear that the cost of improvements effected by the executors upon the unimproved real estate held by the testator at the time of his death should be charged to corpus and not to income.

[4] But it appears that in the accounts filed by the executors and trustees in the years 1906, 1907, 1908, 1909, 1910, and 1911, decrees of this court were entered providing that such expenses for the improvement and sale of the real estate should be charged to income and not to principal. The question was not litigated before the court, no objection having been made by either party to the proposed decree. William Ziegler, who makes the objection at the present time, appeared in all of these accountings by a special guardian duly appointed by this court, and he made no objection to the decrees directing that the amounts expended in improving the realty should be charged to income and not to principal. As the court had jurisdiction to enter the decree, and as all the parties appeared or duly waived notice of appearance, the decrees heretofore entered upon the accountings in this matter must be regarded as conclusive, and subject only to attack upon a direct proceeding to review them. Bolton v. Schriever, 135 N. Y. 65, 31 N. E. 1001, 18 L. R. A. 242; Matter of Elting, 93 App. Div. 516, 87 N. Y. Supp. 833. Upon the former accountings the court had power to decide every question involved, and it must be presumed that it properly performed its duty. All the parties were before it, and the infant was represented in the manner provided by statute, and if the question as to the proper fund against which the expenses of improving the real estate should be charged was not decided, it

could have been, and the parties are therefore bound by the decrees as to every matter that could have been tried or decided in the accountings.   O'Donoghue v. Boies, 159 N. Y. 106, 53 N. E. 537.   The only question that could be raised at this time as to the decrees heretofore entered by this court is the question of jurisdiction, and as the jurisdiction of the court is established by the allegation of the necessary jurisdictional facts, the decrees cannot be attacked in a collateral proceeding.   The decrees being conclusive so long as they are unreversed, the parties are bound by them.   Chester v. Buffalo Car Mfg. Co., 183 N. Y. 425, 76 N. E. 480; Matter of Peck, 131 App. Div. 81, 115 N. Y. Supp. 239.   Therefore the decree of this court upon the previous accountings cannot be disturbed in this proceeding.   In so far, however, as the unimproved real estate has been improved and sold by the executors since the last accounting, and the proceeds turned over to themselves as trustees, the expenses incurred in the improvement and sale of the property will be charged to the corpus of the estate and not to the income.

Submit decree in accordance with this decision, and tax costs on notice.

Decreed accordingly.